IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **WILFREDO AQUINO**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00589 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN, USP LEE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Wilfredo Aquino, Pro Se Petitioner; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

The petitioner, a federal inmate, filed this action as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking a retroactive designation allowing his federal sentence to run concurrently to his state sentence. Because Aquino was recently granted this relief, I conclude that his § 2241 petition must be dismissed without prejudice as moot.

On November 13, 2009, Aquino[1] was arrested by local authorities in New Jersey for drug offenses. While he was in state custody, federal authorities "borrowed" him several times on a federal writ for proceedings related to a federal charge of illegal reentry. Aquino was sentenced on January 19, 2011, to an 84-month term of imprisonment on the federal charge and returned to state authorities.

---

[1] Documentation now in the record indicates that Aquino is also known as Carlo Flores.

On January 28, 2011, the state court imposed a sentence of ten years in prison to run concurrent to the federal sentence.

Aquino was granted parole from his state sentence on July 13, 2015, and was released to federal authorities. The Federal Bureau of Prisons ("BOP") calculated Aquino's federal sentence as commencing on July 13, 2015. Aquino requested a retroactive designation — to calculate his federal sentence as commencing on the date it was imposed and to grant concurrent credit on his federal sentence for the time he had served in state custody. The BOP denied this request in June 2016.

Aquino filed this § 2241 petition in December 2016, seeking retroactive designation of January 19, 2011, as the start date of the federal sentence. The respondent has filed a response, contending that Aquino's § 2241 petition is moot, because he has received the desired adjustment to his federal sentence.

The respondent's documentation verifies that on February 9, 2017, after reconsideration of Aquino's request, the BOP determined under the factors in 18 U.S.C. § 3621(b) that a retroactive designation was appropriate. Accordingly, Aquino's federal sentence was adjusted and deemed to have commenced on January 19, 2011, the date that the sentence was imposed. The federal term of

confinement was then recalculated to include credit for time served the concurrent state sentence.[2]

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (citation omitted); *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) (finding case moot if petitioner "has no further need" for the requested relief). A court may address the issue of mootness sua sponte, "since mootness goes to the heart of the Article III jurisdiction of the courts" to address only live controversies. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citation omitted).

Because I conclude that Aquino has received the only relief he requested in his § 2241 petition, the parties no longer have any live controversy for the court to adjudicate, and the petition must be dismissed as moot.

A separate Order will be entered herewith.

.  DATED: March 6, 2017

/s/ James P. Jones
United States District Judge

---

[2] Aquino's current projected release date is now March 31, 2017. At that time, he will be released to Immigration and Custom Enforcement officials based on a detainer lodged with these authorities.

-3-